# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>C/O ESCOBEDO, et al.,<br><br>Defendants. | Case No. 1:15-cv-00404-LJO-BAM-PC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT NORTH KERN STATE PRISON BE DISMISSED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Men's Colony in San Luis Obispo, brings this civil rights action against Defendant Correctional Officer (C/O) Escobedo, an employee of the CDCR at North Kern State Prison, where the event at issue occurred. Plaintiff also names as a Defendant North Kern State Prison.

Plaintiff alleges that on February 24, 2014, he was escorted to a holding cell by officers not named as defendants. Plaintiff alleges that once he was in the holding cell, Defendant Escobedo told Plaintiff to face the wall, and "began to ram his head into the back of the holding cell, which cause the medical problems that [Plaintiff] still suffers from." (Compl. p. 4.)

1

Plaintiff continues to suffer low jaw problems (when he chews), and the right side of his "eye area" is blurred. Plaintiff alleges that his vision is damaged. Id. The Court finds that Plaintiff has stated a claim for relief against Defendant Escobedo for excessive force in violation of the Eighth Amendment. By separate order, the Court ordered service upon Defendant Escobedo.

As to Defendant North Kern State Prison, "The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. Though it language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by both its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). North Kern State Prison, as an agency of the state of California, is therefore immune from suit.

The Court therefore recommends dismissal of Defendant North Kern State Prison. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Accordingly, IT IS HEREBY RECOMMENDED that Defendant North Kern State Prison be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 18 U.S.C. § 636(b)(1)(B). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 77 F.3d 834 (9th Cir. 2014)(citing <u>Baxter v. Sullivan)</u>, 923 F.2d 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2015**                     /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE