# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. ESCOBEDO,<br><br>　　　　Defendant. | Case No.  1:15-cv-00404-LJO-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff Jose A. Rodriguez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## PROCEDURAL HISTORY

This action proceeds on the March 13, 2015, complaint.  On February 2, 2016, Defendant filed a motion to dismiss. (ECF No. 14.)  On April 14, 2016, an order was entered, directing Plaintiff to file either an opposition or statement of non-opposition to the motion to dismiss. (ECF No. 15.)  Plaintiff failed to do so, and on May 17, 2016, an order to show cause was entered, directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to obey a court order.  (ECF No. 16.)    On May 31, 2016, Plaintiff filed a response to the order to show cause. (ECF No. 17.)  The response appeared to be signed by

another inmate, and was not signed by Plaintiff.  On June 14, 2016, an order was entered, advising Plaintiff that he may not represent himself or be represented by an attorney admitted to the bar of this Court and may not delegate that duty to any other individual.  The Court granted Plaintiff until July 1, 2016, in which to file a response to the order to show cause on his own behalf, and signed by Plaintiff.  Plaintiff was specifically warned that his failure to do so would result in a recommendation that this action be dismissed for failure to prosecute and failure to obey a court order. (ECF No. 19 at 2:18.)  Plaintiff did not file a response to the order to show cause.

Defendant sought, and was granted, an extension of time to respond to the order to show cause.  On June 29, 2016, Defendant filed a response, supported by the declaration of the litigation coordinator at the California Men's Colony, where Plaintiff is incarcerated.  (ECF No. 20.)  On August 9, 2016, an order was entered, discharging the order to show cause. (ECF No. 21.)  The Court advised Plaintiff that he may avoid dismissal of this action by filing an opposition to the motion to dismiss.  The Court advised Plaintiff of the grounds for Defendant's motion to dismiss, and directed Plaintiff to file an opposition to the motion to dismiss within fourteen days.  Plaintiff has not filed an opposition to the motion to dismiss.  On September 2, 2016, Defendant filed a declaration counsel of lieu of a reply to the opposition to the motion to dismiss. (ECF No. 22.)   Counsel declares that on or about August 25, 2016, his office received correspondence from Plaintiff, attached as Exhibit A to the declaration.   The correspondence consists of a copy of the August 9, 2016, order discharging the order to show cause and directing Plaintiff to file an opposition.  No other documents were included.

## II.

## FAILURE TO PROSECUTE

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that met be met in order for a court to take action.  Id. (citation omitted).  Plaintiff has been directed to file an opposition to the motion to dismiss three times, and warned that his failure to do so would result in a recommendation that this action be dismissed for his failure to do so.  (ECF Nos. 15, 19, 21.)

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders, IT IS RECOMMENDED that this action be dismissed for Plaintiff's failure to prosecute and to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within **fourteen days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan 158 F.3d 449, 455 (9th Cir. 1988).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 26, 2016**              /s/ *Barbara A. McAuliffe*  
                                            UNITED STATES MAGISTRATE JUDGE